## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| AYMAN SAIED JOUMAA | ) | |
|     Lala Village | ) | |
|     West Bekaa, Lebanon | ) | |
|              *Plaintiff,* | ) | |
| | ) | CIV. NO. _____ |
|   v. | ) | |
| | ) | |
| STEVEN MNUCHIN | ) | **COMPLAINT** |
| in his official capacity as | ) | |
|     Secretary of the Treasury | ) | |
|     1500 Pennsylvania Avenue, NW | ) | |
|     Washington, D.C. 20220 | ) | |
| | ) | |
|              *Defendant,* | ) | |
| | ) | |
|   and | ) | **ECF** |
| | ) | |
| THE UNITED STATES DEPARTMENT | ) | |
| OF THE TREASURY, OFFICE OF FOREIGN | ) | |
| ASSETS CONTROL | ) | |
|     1500 Pennsylvania Avenue, NW | ) | |
|     Treasury Annex | ) | |
|     Washington, D.C. 20220 | ) | |
| | ) | |
|              *Defendant.* | ) | |

_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### NATURE OF THE CASE

1.    On January 26, 2011, acting pursuant to the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), 21 U.S.C. § 1901 *et seq.*, the United States Department

of the Treasury's Office of Foreign Assets Control ("OFAC") designated Ayman Saied Joumaa ("Plaintiff") for allegedly playing a significant role in international narcotics trafficking activities.[1]  By virtue of this designation, all of Plaintiff's property and interests in property within the United States or within the possession or control of U.S. persons, wherever located, is blocked and cannot be transferred, paid, exported, withdrawn, or otherwise dealt in, and Plaintiff is identified on OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

2.       Prior to his Kingpin Act designation, Plaintiff, a Lebanese citizen, was living in Lala Village, West Bekaa, Lebanon.   Following his OFAC designation, Lebanese authorities placed a block (or "freeze") on Plaintiff's assets in Lebanon.  Since this time, he has had limited access to his assets.

3.       Plaintiff has sought the rescission of his designation.  Specifically, on May 18, 2016, he submitted to OFAC a request for the administrative reconsideration of his Kingpin Act designation.  Plaintiff's request was submitted in accordance with OFAC's procedures governing unblocking and delisting from OFAC's SDN List.   Those procedures are identified at 31 C.F.R. § 501.807.

4.       Plaintiff's reconsideration request has remained pending before OFAC for nearly twenty (20) months.  OFAC has provided no indication as to when it will render a final determination on Plaintiff's reconsideration case.

5.       In furtherance of his reconsideration request, Plaintiff has sought copies of the administrative record underlying his designation pursuant to the Kingpin Act.  On May

---

[1] PRESS RELEASE, Treasury Targets Major Lebanese-Based Drug Trafficking and Money Laundering Network, U.S. Dep't of Treasury, Jan. 26, 2011, *available at* https://www.treasury.gov/press-center/press-releases/Pages/tg1035.aspx.

18, 2016, Plaintiff requested a copy of the administrative record and corresponding exhibits relied upon by OFAC to designate Plaintiff as a "significant foreign narcotics trafficker."  In response to this request, OFAC provided a heavily redacted version of the evidentiary memorandum underlying Plaintiff's Kingpin Act designation, as well as a non-privileged and unclassified summary of otherwise privileged information contained in the memorandum.  The entire section detailing the basis for OFAC's designation was redacted in the version provided to Plaintiff, and the non-privileged and unclassified summary of otherwise privileged information contained in the memorandum lacked any substantive detail as to the factual basis for OFAC's decision to designate and to maintain its designation of Plaintiff.

6.      In addition, the evidentiary memorandum disclosed to Plaintiff and relied upon by OFAC to support its decision to designate Plaintiff as a "specially designated narcotics trafficker" appears to be significantly dated and lacking contemporary detail as to OFAC's current basis for maintaining Plaintiff's designation.   For instance, the evidentiary memorandum provided to Plaintiff is dated January 25, 2011—the day prior to his designation.  Plaintiff has not received any indication that OFAC's evidentiary memorandum has been updated since that time to provide additional evidence in support of allegations of continued involvement in narcotics trafficking activities.  As such, the allegations contained therein, and on which OFAC maintains Plaintiff's designation, appear to originate from on or before January 25, 2011—nearly seven (7) years ago.

7.      OFAC is relying solely on evidence accumulated prior to January 25, 2011 to maintain Plaintiff's current Kingpin Act designation.  The agency's conduct is anathema to the plain language of the Kingpin Act, as well as the agency's own interpretation of

that statute.  The Kingpin Act permits the Secretary of the Treasury to designate "any foreign person…*playing* a significant role in international narcotics trafficking." 21 U.S.C. § 1904(b)(4) (emphasis added).  The Government has itself publicly interpreted this statutory provision to require that a person's "involvement in narcotics trafficking activity be ongoing" in order to maintain a designation under the Kingpin Act.[2]  Absent current information providing a reason to believe that a designee continues to play a significant role in international narcotics trafficking activities, the agency lacks a lawful basis to maintain the person's designation and is thus statutorily obligated to rescind such person's designation under the Kingpin Act.

8.      Despite Plaintiff's repeated requests to understand the basis for his Kingpin Act designation, OFAC has provided, upon Plaintiff's persistent request, only a heavily redacted administrative record that was relied upon to support the Plaintiff's initial designation.  That record and the evidence accumulated therein—most of which remains redacted and thus unavailable to both Plaintiff and undersigned counsel—was assembled at least seven (7) years ago.  Since that time, OFAC has rescinded the Kingpin Act designations of several parties alleged to be participants or otherwise involved in Plaintiff's (alleged) trafficking network, including, but not limited to, Plaintiff's three brothers and their associated entities.  Moreover, OFAC has provided no indication that it has contemporary evidence linking Plaintiff to narcotics trafficking activities.  That is because he is not engaged in such activities.

---

[2] *See* PRESS RELEASE, OFAC Removes Jose Adan Salazar Umana From the List of Drug Traffickers, U.S. Embassy San Salvador, April 7, 2017, available at https://sv.usembassy.gov/removal-jose-adan-salazar-umana-ofacs-kingpin-list/.

9.      By failing to act on Plaintiff's reconsideration request in a reasonable period of time, OFAC has continued to harm Plaintiff.  As noted above, Plaintiff's assets in the United States or within the possession or control of U.S. persons, wherever located, remain subject to blocking order, and Lebanese authorities—acting out of apparent deference to the U.S. government—continue to restrict Plaintiff's access to his own assets in Lebanon and its banks.[3]

10.     OFAC has had more than twenty (20) months to render a decision on Plaintiff's reconsideration case.  However, in the absence of contemporary evidence demonstrating Plaintiff's continued involvement in narcotics trafficking activities, OFAC has apparently decided to delay any decision on Plaintiff's reconsideration request and frustrate his good-faith efforts to rescind his designation and regain his livelihood.  OFAC does so absent legal basis.

11.     Plaintiff brings this action to ensure that OFAC acts within the bounds of its statutory discretion and takes immediate steps to rescind Plaintiff's designation or, in the

---

[3] Due to the broad reach of U.S. economic sanctions and the reputational risks of doing business with U.S.-designated parties, foreign States and non-U.S. entities often act in effective observation of U.S. sanctions, even in the absence of any legal obligation to do so.  *See e.g.*, *Transnational Drug Enterprises: Hearing Before the Subcommittee on National Security and Foreign Affairs*, March 3, 2010 (statement of Adam J. Szubin, OFAC Director) ("Non-U.S. companies that have no obligation to comply with U.S. sanctions often refuse to work for, supply, or otherwise do business with designated commercial enterprises or employ persons on the SDN List, thereby isolating them commercially.").  As a result, the consequence of an OFAC blocking action are not limited to a blocked party's exclusion from the U.S. financial system, but also a blocked party's effective exclusion from the international financial system. *See e.g.*, PRESS RELEASE, Background Briefing on the Rollout of the Global Magnitsky Sanctions, U.S. Dep't    of    State,    Dec.    21,    2017,    available    at https://www.state.gov/r/pa/prs/ps/2017/12/276734.htm (where a senior OFAC official stated that "by virtue of the fact that OFAC sanctions not only block all assets under U.S. jurisdiction…but also prevent U.S. persons from dealing with persons designated…, given the dominance of the U.S. financial system, that effectively shuts out many folks from the international system.").

alternative, provide him with a statement of reasons as to why he remains designated under the Kingpin Act.

## THE PARTIES

12.     Plaintiff Ayman Saied Joumaa is and was at all times relevant herein a citizen of Lebanon.[4]  Plaintiff is currently residing in Lala Valley, West Bekaa, Lebanon.  Plaintiff is not currently employed or otherwise engaged in commercial activity.

13.     On or about January 26, 2011, Plaintiff was designated under the Kingpin Act and his name included on the Specially Designated Nationals and Blocked Persons List ("SDN List") maintained and administered by OFAC.  Exhibit A attached hereto is a true and accurate copy of the SDN List containing Plaintiff's name and the names of his allegedly associated entities.[5]

14.     Defendant Office of Foreign Assets Control ("OFAC") is a United States federal administrative agency located at the United States Department of the Treasury, 1500 Pennsylvania Ave., NW, Treasury Annex, Washington D.C. 20220.  The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States.  The United States Department of the Treasury is also responsible for overseeing various offices, including the Office of Foreign Assets Control. Plaintiff is informed and believes thereon that OFAC is responsible for maintaining and administering the SDN List, including by placing persons on and removing persons from the SDN List pursuant to the Kingpin Act and its implementing regulations located at 31

---

[4] Mr. Joumaa is also a citizen of Colombia and Venezuela.
[5] Counsel has not provided the entire SDN List because the SDN List totals more than 1,000 pages.  Counsel has instead provided the specific page of the SDN List where Plaintiff's name appears.

C.F.R. Parts 501 and 598, the "Reporting, Procedures and Penalties Regulations" and the "Foreign Narcotics Kingpin Sanctions Regulations," respectively.

15.     Defendant Steven T. Mnuchin is the Secretary of the Treasury of the United States.  Mr. Mnuchin is sued in his official capacity.


## JURISDICTION AND VENUE

16.     This action arises under the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.* and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  In addition, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1361.

17.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b), (e), as the Defendants reside in this District.


## FACTUAL ALLEGATIONS

*A.     OFAC Designates Plaintiff A Significant Foreign Narcotics Trafficker*

18.     The Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, was designed to "provide authority for the identification of, and application of sanctions on a worldwide basis to, significant foreign narcotics traffickers, their organizations, and the foreign persons who provide support to those significant foreign narcotics traffickers and their organizations, whose activities threaten the national security, foreign policy, and economy of the United States."  21 U.S.C. § 1902.  The Kingpin Act authorizes the President to impose blocking sanctions on "any significant foreign narcotics traffickers

publicly identified" in an annual report that the President is mandated to submit to Congress. 21 U.S.C. § 1904(b)(1) ("…there are blocked as of such date, and any date thereafter, all such property and interests in property within the United States, or within the possession or control of any United States person…"). Moreover, the Kingpin Act provides additional authorities to the Secretary of the Treasury, acting in consultation with several federal departmental heads, to designate "any foreign person…materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of a significant foreign narcotics trafficker"; "any foreign person…owned, controlled, or directed by, or acting for or on behalf of, a significant foreign narcotics trafficker"; and "any foreign person…playing a significant role in international narcotics trafficking." 21 U.S.C. § 1902(2)-(4). Foreign persons who are so designated are subject to blocking sanctions pursuant to the Kingpin Act and are identified on OFAC's SDN List. 21 U.S.C. § 1904(b).

19.   On January 26, 2011, acting pursuant to the Kingpin Act, OFAC designated Plaintiff for allegedly playing a significant role in international narcotics trafficking activities.[6] In a press statement announcing its designation, OFAC set forth certain conclusory allegations regarding Plaintiff's conduct that appear to serve as the factual predicate for its decision to designate Plaintiff and other related parties. As a result of this designation, all of Plaintiff's property and interests in property within the United States or within the possession or control of U.S. persons, wherever located, are blocked

---

[6] PRESS RELEASE, Treasury Targets Major Lebanese-Based Drug Trafficking and Money Laundering Network, U.S. Dep't of Treasury, Jan. 26, 2011, *available at* https://www.treasury.gov/press-center/press-releases/Pages/tg1035.aspx.

and cannot be transferred, paid, exported, withdrawn, or otherwise dealt in.[7]  Plaintiff's name was also identified on OFAC's SDN List.

B.    *Plaintiff Challenges OFAC's Maintenance of His Designation*

20.    On July 5, 2000, OFAC issued the Foreign Narcotics Kingpin Sanctions Regulations ("FNKSR"), 31 C.F.R. Part 598, to implement the provisions of the Kingpin Act.  Under 31 C.F.R. §§ 598.202 and 598.203, all property and interests in property within the United States or within the possession or control of any U.S. person that are owned or controlled by a specially designated narcotics trafficker ("SDNTK") are blocked and cannot be transacted or otherwise dealt in.  By virtue of § 598.101, the provisions of the Reporting, Procedures, and Penalties Regulations, 31 C.F.R. Part 501— including those outlining the reconsideration process—are applicable to the FNKSR.

21.    Designated parties can contest their designation according to procedures established and outlined by OFAC.  The procedures governing delisting from the SDN List are set forth at 31 C.F.R. § 501.807.  The procedures are applicable to "person[s] blocked under the provision of any part of this chapter [i.e., Chapter V of 31 C.F.R.], including a specially designated national, specially designated terrorist, or *specially designated narcotics trafficker*…" 31 C.F.R. § 501.807(a) (italics added).

22.    Pursuant to these procedures, designated persons "may seek administrative reconsideration of [their] designation…or assert that the circumstances resulting in the designation no longer apply[] and thus seek to have the designation rescinded…"  31 C.F.R. § 501.807.  Specifically, a designated person "may submit arguments or evidence that the person believes establishes that [an] insufficient basis exists for the designation."

---

[7] Certain of Plaintiff's assets are indeed blocked in the United States.  Plaintiff has lacked access to such assets since the time of his designation.

31 C.F.R. § 501.807(a).  In addition, a designated person "may propose remedial steps on the person's part…which the person believes would negate the basis for designation." 31 C.F.R. § 501.807(a).

23.     OFAC has published Frequently Asked Questions ("FAQs") regarding petitions for delisting from OFAC's SDN List.  These FAQs state that a designated person may submit "arguments or evidence that establishes that an insufficient basis exists for the listing [i.e., designation] or that the circumstances resulting in the listing no longer apply…"[8]  OFAC's FAQs provide "examples of situations that may result in delisting," including, but not limited to, "a positive change in behavior,…[and] the basis for the designation no longer exists…"[9]

24.     On May 18, 2016, Plaintiff filed a formal request for the administrative reconsideration of his Kingpin Act designation pursuant to the procedures outlined at 31 C.F.R. § 501.807.  As part of this request, Plaintiff argued that an insufficient basis exists for the designation or, in the alternative, that there has been a fundamental change in circumstances that negated the basis for his designation (i.e., the basis for the designation no longer exists).

25.     During the reconsideration process, Plaintiff has consistently argued that OFAC lacks a factual or legal basis under which to maintain his Kingpin Act designation.  For instance, whatever alleged facts may have served as a basis to undertake the initial designation of Plaintiff—alleged facts that remain obscured to him and undersigned counsel—Plaintiff is clearly not currently engaged in narcotics trafficking activities or

---

[8] Filing a Petition for Removal from an OFAC List, U.S. Dep't of Treasury, May 2, 2017, https://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/petitions.aspx.
[9] *Id.*

any activities related thereto. Indeed, Plaintiff, a resident of Lebanon since 2001, has refrained from engagement in any commercial activities—including, but not limited to, money exchange services—since on or after his designation by OFAC in January 2011. As such, there has been a fundamental change of circumstances meriting the rescission of his Kingpin Act designation and OFAC lacks a contemporary factual or legal basis under which to maintain that designation.

C.     *OFAC Discloses the Evidentiary Record Underlying Plaintiff's Designation*

26.    Plaintiff also filed a request for the administrative record OFAC relied upon to impose the Kingpin Act designation. As part of this request, Plaintiff sought copies of documents prepared by and in the possession of OFAC, as well as any related evidentiary memoranda, used to support OFAC's decision to designate and maintain its designation of Plaintiff. The objective of this request was to understand the factual bases underlying OFAC's decision to designate Plaintiff so that he would have a meaningful opportunity to rebut OFAC's allegations and/or to remediate any behavior that may have served as a basis for the designation.

27.    Throughout the reconsideration process, Plaintiff has sought to cooperate with OFAC in good-faith to address and resolve the agency's concerns as they relate to him. However, it was not until a significant period of delay and the threat of litigation that OFAC released a heavily redacted version of the evidentiary memorandum used to support and maintain Plaintiff's Kingpin Act designation and a non-privileged and unclassified summary of otherwise privileged information contained in the memorandum. The redacted version of the evidentiary memorandum contained even less detail than that released in OFAC's press statement at the time of Plaintiff's designation—e.g., the

section titled "Basis for Designation" was completely redacted in the version of the memorandum provided to Plaintiff. Further, the non-privileged and unclassified summary of otherwise privileged information contained in the administrative record provided no more than four bare conclusory allegations regarding Plaintiff's conduct—none of which added to the factual allegations contained in OFAC's press release.

28. The OFAC evidentiary memorandum relied upon to maintain Plaintiff's designation is dated January 25, 2011—the day prior to his designation. OFAC has provided no indication that it has supplemented the administrative record to include more contemporary allegations regarding Plaintiff's conduct. Moreover, to the extent that OFAC has indeed taken steps to supplement the administrative record, OFAC has failed to disclose any such supplemental information or allegations to Plaintiff so as to permit him adequate notice of the basis for OFAC's maintenance of his designation and a meaningful opportunity to respond to that supplemental information as part of the reconsideration process.

D.     *OFAC Has Failed to Substantively Engage with Plaintiff's Submissions to the Agency and the Evidence Contained Therein*

29. On July 27, 2016, OFAC sent Plaintiff a questionnaire seeking information and documents relevant to OFAC's reconsideration of his Kingpin Act designation. Plaintiff provided responses and voluminous documentation to OFAC in submissions dated October 25, 2016 and April 24, 2017. In these submissions, Plaintiff provided evidence showing that he is not engaged in international narcotics trafficking activities, nor has he engaged in the operation of a money-services business since 2011.

30.     OFAC has yet to provide a substantive response to Plaintiff regarding these submissions or the evidence and documents contained therein.  OFAC has provided no indication that it intends to conduct a follow-up questionnaire regarding Plaintiff's responses or that it plans on rendering a decision regarding hia reconsideration case on the basis of these submissions.  Instead, Plaintiff has faced effective radio-silence from OFAC over the past seventeen (17) months.

E.      *OFAC Lacks a Factual or Legal Basis to Maintain Plaintiff's Designation*

31.     OFAC's silence regarding this reconsideration matter can be explained by the fact that it lacks a current factual or legal basis to maintain Plaintiff's designation under the Kingpin Act.  While OFAC may claim it had a reason to believe that Plaintiff was engaged in international narcotics trafficking activities at the time of his designation—an allegation that he disputes—it is clear that OFAC lacks any contemporary evidence linking Plaintiff to narcotics trafficking activities.  The reason is apparent: Plaintiff is not engaged in international narcotics trafficking activities, so there can be no evidence of any such linkage.

32.     Understanding that it lacks a factual or legal basis to maintain Plaintiff's designation, OFAC appears to have delayed its decision on the reconsideration matter in the hopes of frustrating Plaintiff's good-faith efforts to rebut the agency's allegations and/or address the agency's concerns.  OFAC's delay is without a basis in law, as is its maintenance of Plaintiff's Kingpin Act designation.


# LEGAL CLAIMS

## COUNT I

### DEFENDANTS' FAILURE TO RENDER A DECISION ON PLAINTIFF'S RECONSIDERATION CASE OVER A PERIOD OF TWENTY MONTHS CONSTITUTES UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT

33.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

34.     Defendants' failure to render a decision on Plaintiff's request for the administrative reconsideration of his Kingpin Act designation over a period of twenty (20) months constitutes "agency action" for purposes of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*  Under the APA, "agency action" includes, in relevant part, "an agency rule, order, license, sanctions relief, or the equivalent or denial thereof, or *failure to act*." 5 U.S.C. § 706(1) (emphasis added).

35.     OFAC has acted in violation of the APA by unreasonably delaying a decision regarding Plaintiff's request to be removed from the SDN List.  For twenty (20) months, Plaintiff has awaited OFAC's decision on his reconsideration request, but has failed to receive such decision, as well as any indication as to when such decision may be rendered. Meanwhile, Plaintiff has suffered significant harm as a result of his continued OFAC designation—including, but not limited to, an inability to access his assets in the United States or abroad—and will continue to suffer such significant harms until such time as OFAC renders a decision to delist him.  As outlined in the APA, when warranted, a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  Defendants' failure to render a decision on Plaintiff's reconsideration matter over a period of twenty (20) months constitutes unreasonable

delay under the APA and merits a reviewing court to compel the agency to remediate its unlawful conduct.

## COUNT 2

### DEFENDANTS' MAINTENANCE OF PLAINTIFF'S DESIGNATION AND THE CONTINUED BLOCKING OF HIS ASSETS CONSTITUTES ARBITRARY AND CAPRICIOUS ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE FOREIGN NARCOTICS KINGPIN DESIGNATION ACT

36.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

37.     Pursuant to § 706(1) of the APA, a reviewing court "shall hold unlawful and set aside agency action, findings, and conclusions found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

38.     Defendants' maintenance of Plaintiff's designation under the Kingpin Act and the continued blocking of his assets is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because OFAC's administrative record and other evidence in the agency's possession provides no indication, of whatsoever nature, that Plaintiff is currently engaged in international narcotics trafficking activities. 5 U.S.C. § 706(2)(A).

39.     Defendants' maintenance of Plaintiff's designation under the Kingpin Act and the continued blocking of his assets is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because Plaintiff does not meet the definition of a "significant foreign

narcotics trafficker" for purposes of the Kingpin Act nor does he "play a significant role in international narcotics trafficking."

39.     Defendants' maintenance of Plaintiff's designation under the Kingpin Act and the continued blocking of his assets is contrary to constitutional right, power, privilege, or immunity. 5 U.S.C. § 706(2)(B), as Defendants' maintenance of his designation and the continued blocking of his assets violates Plaintiff's due process rights.

40.     Defendants' maintenance of Plaintiff's designation under the Kingpin Act and the continued blocking of his assets is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, as Defendants lack a statutory basis to maintain Plaintiff's designation in the absence of contemporary evidence linking Plaintiff to activities in support of international narcotics trafficking. 5 U.S.C. § 706(2)(C).

41.     Defendants' maintenance of Plaintiff's designation under the Kingpin Act and the continued blocking of his assets is without observance of procedure required by law. 5 U.S.C. § 706(2)(D), as Plaintiff has been denied an effective opportunity to respond to the allegations leveled against him in support of his designation under the Kingpin Act.


**COUNT 3**

DEFENDANTS' MAINTENANCE OF PLAINTIFF'S DESIGNATION AND THE
CONTINUED BLOCKING OF HIS ASSETS VIOLATES HIS FIFTH AMENDMENT
RIGHT TO DUE PROCESS AND IS ARBITRARY AND CAPRICIOUS

43.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

44.     By maintaining Plaintiff's designation under the Kingpin Act and continuing to block Plaintiff's assets, Defendants acted arbitrarily and capriciously in depriving Plaintiff of his property.

45.     Defendants violated Plaintiff's Fifth Amendment due process rights by failing to provide him with adequate notice of the factual basis on which Defendants maintain Plaintiff's designation under the Kingpin Act; by failing to sufficiently disclose or otherwise explain the legal and factual basis under which Plaintiff's designation is maintained pursuant to the Kingpin Act; and by failing to render a decision on Plaintiff's reconsideration case in a reasonable period of time.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests that this Court:

A.     Declaring and/or ordering Defendants to rescind Plaintiff's designation under the Kingpin Act and to remove his name from the SDN List;

B.      Declaring and/or ordering Defendants to issue a written, reasoned decision on Plaintiff's request for administrative reconsideration of his Kingpin Act designation;

C.     Declaring and/or ordering Defendants to disclose to Plaintiff any and all information, documents, evidence, or other material related to or serving as a basis for Defendants' continued maintenance of Plaintiff's designation under the Kingpin Act;

D.      Granting an award to Plaintiff of his costs and attorneys' fees under the

Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable

provision of law; and

E.      Such other and further relief as the Court may deem proper.


Dated: December 27, 2017


                                        Respectfully submitted,


                                        _____
                                        Erich C. Ferrari, Esq.
                                        Ferrari & Associates, P.C.
                                        1455 Pennsylvania Ave., NW
                                        Suite 400
                                        Washington, D.C. 20004
                                        Telephone: (202) 280-6370
                                        Fax: (877) 448-4885
                                        Email: ferrari@falawpc.com
                                        DC Bar No. 978253