## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
AYMAN SAIED JOUMAA                      )
    Lala Village                  )
    West Bekaa, Lebanon           )
               *Plaintiff,*   )
                                        )          CIV. NO. 17-2780 (TJK)
    v.                            )
                                        )
STEVEN MNUCHIN                          )          **AMENDED COMPLAINT**
in his official capacity as             )
    Secretary of the Treasury     )
    1500 Pennsylvania Avenue, NW  )
    Washington, D.C. 20220        )
                                        )
               *Defendant,*   )
                                        )
    and                           )          **ECF**
                                        )
THE UNITED STATES DEPARTMENT            )
OF THE TREASURY, OFFICE OF FOREIGN      )
ASSETS CONTROL                          )
    1500 Pennsylvania Avenue, NW  )
    Treasury Annex                )
    Washington, D.C. 20220        )
                                        )
               *Defendant.*   )
_____)


## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### NATURE OF THE CASE

1.    This lawsuit arises from Defendant United States Department of the Treasury's Office of

Foreign Assets Control's ("OFAC") wrongful and unlawful denial of Plaintiff Ayman Saied

Joumaa's request for administrative reconsideration of his designation as a "specially designated

narcotics trafficker" under the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), 21

U.S.C. § 1901 *et seq.*, and its wrongful and unlawful determination that Plaintiff continues to meet

the criteria for designation under the Kingpin Act (i.e., Plaintiff is "playing a significant role in international narcotics trafficking").

2.     On March 2, 2018, Defendant OFAC denied Plaintiff's reconsideration request and determined that Plaintiff continues to meet the criteria for designation under the Kingpin Act.[1]

3.     OFAC's denial letter summarily concluded that "OFAC does not find credible [Plaintiff's] claims...that he is not 'currently engaged in conduct that contributes to narcotics trafficking or money laundering in support of narcotics trafficking.' Accordingly, [Plaintiff's] request for reconsideration of his designation is denied because he continues to meet the criteria under the Kingpin Act.'" *See* Exhibit A – OFAC Denial Letter.

4.     OFAC's denial of Plaintiff's request for reconsideration was based on the agency's determination that Plaintiff's arguments "fail[ed] to demonstrate a basis for removal from the SDN List [Specially Designated Nationals and Blocked Persons List]." *Id*.   According to OFAC, Plaintiff failed to show that an "insufficient basis exists for the designation or the circumstances resulting in the designation no longer apply." *Id*.

5.     OFAC, however, failed to adequately and specifically assess the representations made by Plaintiff during the reconsideration process that he is not engaged in international narcotics trafficking and does not meet the criteria for designation under the Kingpin Act.

6.     OFAC based its determination that Plaintiff continues to meet the criteria for designation under the Kingpin Act (i.e., that Plaintiff is "playing a significant role in international narcotics trafficking") on its summary conclusion that the agency does not find credible Plaintiff's claims

---

[1] OFAC designated Plaintiff a specially designated narcotics trafficker pursuant to the Kingpin Act for "playing a significant role in international narcotics trafficking." *See* 21 U.S.C. § 1904(b)(4).

that he is not "currently engaged in conduct that contributes to narcotics trafficking or money laundering in support of narcotics trafficking." *Id*.

7.      OFAC, however, failed to provide any evidence that Plaintiff is "playing a significant role in international narcotics trafficking activities," consistent with the definitions contained in the Kingpin Act.  As such, Defendants fail to meet their statutory burden under the Kingpin Act when they determined that Plaintiff "continues to meet the criteria under the Kingpin Act." *Id*.

8.      OFAC's denial of Plaintiff's reconsideration request and its unsupported determination that Plaintiff meets the criteria for designation under the Kingpin Act—absent evidence that Plaintiff "is playing a significant role in international narcotics trafficking"—is arbitrary and capricious agency action and is in excess of Defendants' statutory authority.

9.      Throughout the administrative reconsideration process, Plaintiff was responsive to OFAC and sought to address and resolve the agency's concerns.  Defendants, however, have denied Plaintiff access to or otherwise failed to produce their evidence that Plaintiff is playing a significant role in international narcotics trafficking.  In doing so, Defendants have failed to provide the requisite notice to Plaintiff and have denied him a meaningful opportunity to respond to OFAC's evidence.

10.      Defendants' actions have caused Plaintiff significant personal and financial harm, including the blocking of two wire transfers of funds totaling approximately $340,000.00.  Plaintiff will continue to suffer those harms as long as Defendants' wrongful and unlawful denial of Plaintiff's reconsideration request and Defendants' wrongful and unlawful determination that Plaintiff continues to meet the criteria for designation under the Kingpin Act are allowed to stand.

## THE PARTIES

11.     Plaintiff Ayman Saied Joumaa is and was at all times relevant herein a citizen of Lebanon.[2]
Plaintiff is currently residing in Lala Valley, West Bekaa, Lebanon.

12.     On or about January 26, 2011, Plaintiff was designated under the Kingpin Act and his name
was included on the Specially Designated Nationals and Blocked Persons List ("SDN List")
maintained and administered by OFAC.   Exhibit B attached hereto is a true and accurate copy of
the SDN List containing Plaintiff's name and the names of his allegedly associated entities.[3]

13.     Defendant Office of Foreign Assets Control ("OFAC") is a United States federal
administrative agency located at the United States Department of the Treasury, 1500 Pennsylvania
Ave., NW, Freedman's Bank Building, Washington D.C. 20220.  The United States Department
of the Treasury is responsible for maintaining the financial and economic security of the United
States.  The United States Department of the Treasury is also responsible for overseeing various
offices, including OFAC.  Plaintiff is informed and believes thereon that OFAC is responsible for
maintaining and administering the SDN List, including by placing persons on and removing
persons from the SDN List consistent with the Kingpin Act and its implementing regulations
located at 31 C.F.R. Parts 501 and 598, the "Reporting, Procedures and Penalties Regulations" and
the "Foreign Narcotics Kingpin Sanctions Regulations," respectively.

14.     Defendant Steven T. Mnuchin is the Secretary of the Treasury of the United States.  Mr.
Mnuchin is sued in his official capacity.

---

[2] Plaintiff is also a citizen of Colombia and Venezuela.
[3] Because OFAC's SDN List totals more than 1,000 pages, counsel has herein provided as an
attachment only the specific page of the SDN List on which Plaintiff's name appears.

## JURISDICTION AND VENUE

15.     This action arises under the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901

*et seq*. and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.  This Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws

of the United States.

16.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as

the Defendants reside in this District.

## FACTUAL ALLEGATIONS

### A.     *OFAC Designates Plaintiff a Specially Designated Narcotics Trafficker*

17.     The Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq*., was enacted to

"provide authority for the identification of, and application of sanctions on a worldwide basis to,

significant foreign narcotics traffickers, their organizations, and the foreign persons who provide

support to those significant foreign narcotics traffickers and their organizations, whose activities

threaten the national security, foreign policy, and economy of the United States." 21 U.S.C. § 1902.

The Kingpin Act authorizes the President to impose blocking sanctions on "any significant foreign

narcotics traffickers publicly identified" in an annual report that the President is mandated to

submit to Congress. 21 U.S.C. § 1904(b)(1) ("…there are blocked as of such date, and any date

thereafter, all such property and interests in property within the United States, or within the

possession or control of any United States person…").  Additionally, the Kingpin Act provides

authority to the Secretary of the Treasury, in consultation with other federal agency heads, to

designate "any foreign person…materially assisting in, or providing financial or technological

support for or to, or providing goods or services in support of, the international narcotics trafficking activities of a significant foreign narcotics trafficker;" "any foreign person…owned, controlled, or directed by, or acting for or on behalf of, a significant foreign narcotics trafficker;" and "any foreign person…playing a significant role in international narcotics trafficking." 21 U.S.C. § 1902(2)-(4).  These designated foreign persons are subject to blocking sanctions and are identified on OFAC's SDN List. 21 U.S.C. § 1904(b).

18.     The Kingpin Act precisely defines the term "narcotics trafficking" as "any illicit activity to cultivate, produce, manufacture, distribute, sell, finance, or transport narcotic drugs, controlled substances, or listed chemical, or otherwise endeavor or attempt to do so, or to assist, abet, conspire, or collude with others to do so." 21 U.S.C. § 1907(3).

19.     On January 26, 2011, OFAC designated Plaintiff pursuant to the Kingpin Act for playing a significant role in international narcotics trafficking.[4]  As a result of this designation, Plaintiff's property and interests in property within the United States or within the possession or control of U.S. persons, wherever located, are blocked and cannot be transferred, paid, exported, withdrawn, or otherwise dealt in.  Plaintiff's name is also included on OFAC's SDN List.

           B.     *Plaintiff Challenges OFAC's Maintenance of His Designation*

20.     On July 5, 2000, OFAC issued the Foreign Narcotics Kingpin Sanctions Regulations ("FNKSR"), 31 C.F.R. Part 598, to implement the provisions of the Kingpin Act.  Pursuant to 31 C.F.R. §§ 598.202 and 598.203, all property and interests in property of a specially designated narcotics trafficker within the United States or within the possession or control of any U.S. person are blocked and cannot be transacted or otherwise dealt in.

---

[4] PRESS RELEASE, *Treasury Targets Major Lebanese-Based Drug Trafficking and Money Laundering Network*, U.S. Dep't of Treasury, Jan. 26, 2011, https://www.treasury.gov/press-center/press-releases/Pages/tg1035.aspx.

21.     The FNKSR define the term specially designated narcotics trafficker as "(a) significant foreign narcotics traffickers; and (b) foreign persons designated by the Secretary of the Treasury…because they are found to be: (1) materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of a specially designated narcotics trafficker; (2) owned, controlled, or directed by, or acting for or on behalf of, a specially designated narcotics trafficker; or (3) playing a significant role in international narcotics trafficking." 31 C.F.R. § 598.314.  For purposes of the FNKSR, the term "narcotics trafficking" is likewise defined as "any illicit activity to cultivate, produce, manufacture, distribute, sell, finance, or transport narcotic drugs, controlled substances, or listed chemicals, or otherwise endeavor or attempt to do so, or to assist, abet, conspire, or collude with others to do so." 31 C.F.R. § 598.310.

22.     Pursuant to 31 C.F.R. § 598.101, the provisions of the 'Reporting, Procedures, and Penalties Regulations,' 31 C.F.R. Part 501—including those provisions detailing the reconsideration process—are applicable to the FNKSR.

22.     Designated parties can contest their designation according to procedures established by OFAC.  The procedures governing delisting from the SDN List are set forth at 31 C.F.R. § 501.807. The procedures are applicable to "person[s] blocked under the provision of any part of this chapter [i.e., Chapter V of 31 C.F.R.], including a specially designated national, specially designated terrorist, or *specially designated narcotics trafficker*…" 31 C.F.R. § 501.807(a) (italics added).

23.     Pursuant to OFAC's delisting procedures, designated parties "may seek administrative reconsideration of [their] designation…or assert that the circumstances resulting in the designation

no longer apply[] and thus seek to have the designation rescinded…"[5] 31 C.F.R. § 501.807. Designated parties "may submit arguments or evidence that the person believes establishes that [an] insufficient basis exists for the designation." 31 C.F.R. § 501.807(a).  In addition, a designated person "may propose remedial steps on the person's part…which the person believes would negate the basis for designation." 31 C.F.R. § 501.807(a).

24.     OFAC has published Frequently Asked Questions ("FAQs") regarding petitions for delisting from the SDN List.  These FAQs state that designated parties may submit "arguments or evidence that establishes that an insufficient basis exists for the listing [i.e., designation] or that the circumstances resulting in the listing no longer apply…"[6]  OFAC's FAQs provide "examples of situations that may result in delisting," including, but not limited to, "a positive change in behavior,…[and] the basis for the designation no longer exists…"[7]

25.     On May 18, 2016, Plaintiff filed a formal request for the administrative reconsideration of his Kingpin Act designation pursuant to OFAC's delisting procedures.  Plaintiff argued that an insufficient basis exists for the designation or, in the alternative, that there has been a fundamental change in circumstances that negated the basis for the designation (i.e., the basis for the designation no longer exists).

26.     During the reconsideration process, Plaintiff provided documentation evidencing the legal dissolution of and/or Plaintiff's divestment from entities through which OFAC had alleged that he engaged in international narcotics trafficking; documentation substantiating Plaintiff's claims that entities over which Plaintiff exercised ownership or control were engaged in lawful commercial

---

[5] OFAC's delisting procedures are cross-programmatic and thus applicable to most, if not all, of U.S. sanctions programs implemented and administered by OFAC.
[6] Filing a Petition for Removal from an OFAC List, U.S. Dep't of Treasury, May 2, 2017, https://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/petitions.aspx.
[7] *Id.*

pursuits; and legal judgments from foreign courts finding a lack of evidence to support allegations that Plaintiff and/or certain entities over which Plaintiff exercised ownership or control engaged in money laundering.[8]   In addition, Plaintiff responded to OFAC's questionnaire regarding Plaintiff's relationship with certain individuals and entities and has acknowledged that he had engaged in dealings with certain parties designated under U.S. sanctions in the past.

27.     Throughout the reconsideration process, Plaintiff consistently argued that OFAC lacked a factual and legal basis under which to maintain Plaintiff's designation.  Plaintiff contended that he is not playing a role in international narcotics trafficking and thus does not meet the criteria for designation under the Kingpin Act.

       *C.     OFAC Discloses the Evidentiary Record Underlying Plaintiff's Designation*

28.     As part of the reconsideration process, Plaintiff filed a request for the administrative record OFAC relied upon to designate him pursuant to the Kingpin Act.  Through this request, Plaintiff sought copies of documents prepared by and in the possession of OFAC—as well as any evidentiary memoranda—used to support OFAC's decision to designate Plaintiff.  The objective of this request was to understand the factual bases underlying OFAC's decision to designate Plaintiff so that he would have a meaningful opportunity to respond to OFAC's evidence and/or otherwise address OFAC's concerns.

29.     Following a significant period of delay and the threat of litigation, OFAC released to Plaintiff a heavily redacted version of the evidentiary memorandum used to support and maintain Plaintiff's Kingpin Act designation and a non-privileged and unclassified summary of otherwise privileged information contained in the memorandum.  The section of the memorandum titled

---

[8] In total, Plaintiff submitted over 1,200 pages of documentation to OFAC during the administrative reconsideration matter.

"Basis for Designation" was completely redacted in the version provided to Plaintiff, and the non-privileged and unclassified summary of otherwise privileged information contained in the record provided only four (4) bare conclusory allegations regarding Plaintiff's conduct.  This release constituted the sum total of OFAC's "notice" to Plaintiff during the reconsideration process.

      *D.*      *OFAC Denies Plaintiff's Request for Reconsideration and Determines that Plaintiff Continues to Meet the Criteria for Designation Under the Kingpin Act*

30.     On March 2, 2018, following the filing of this instant lawsuit, OFAC issued a letter to Plaintiff denying Plaintiff's request for reconsideration of his designation and determining that he "continues to meet the criteria [for designation] under the Kingpin Act." *See* Exhibit A.  OFAC based its denial on the agency's conclusion that Plaintiff's representations to the agency throughout the reconsideration process lacked credibility.[9]  OFAC argued that that Plaintiff failed "to establish that there was an insufficient basis for the January 26, 2011 designation, or that circumstances resulting in the designation no longer apply such that removal from the [SDN List] is warranted." *Id*.

31.     As part of its denial, OFAC stated that it "[would] provide a copy of the unclassified, non-privileged portions of the administrative record upon which OFAC relied to deny Mr. Joumaa's request [for reconsideration]." *Id*.

32.     On March 9, 2018, OFAC released a copy of the unclassified, non-privileged portions of the administrative record upon which it relied in denying Plaintiff's reconsideration request and to support its determination that Plaintiff is playing a role in international narcotics trafficking.  In

---

[9] For instance, OFAC's denial letter states that "OFAC does not find credible Mr. Joumaa's claims, as stated in [his] letter dated October 25, 2016, that he is not 'currently engaged in conduct that contributes to narcotics trafficking or money-laundering in support of narcotics trafficking.' Accordingly, Mr. Joumaa's request for reconsideration of his designation is denied…" *See* Exhibit A – OFAC Denial Letter.

addition, OFAC provided Plaintiff a one (1) page non-privileged and unclassified summary of otherwise privileged information contained in the administrative record.[10] See Exhibit C- March 9, 2018 Non-Privileged and Unclassified Summary of Otherwise Privileged Information.

33.     OFAC's evidentiary record states that the agency "carefully reviewed and considered [Plaintiff's] responses to the questionnaire provided by OFAC, as well as the additional documents, arguments, and evidence he provided," and that "[b]ased on the information available to OFAC, [Plaintiff's] arguments fail to demonstrate a basis for removal from the SDN List." Exhibit E– OFAC Evidentiary Memorandum.[11]     OFAC's findings wholly turn on its conclusion that Plaintiff's representations to the agency throughout the reconsideration process lacked credibility. OFAC's redacted administrative record successively claims that Plaintiff "unpersuasively denies that he was involved in narcotics trafficking activities at any time;" that Plaintiff "continues to be involved in money laundering activities, and his claims to the contrary are not credible;" and that Plaintiff's "claims about his relationships, business or otherwise, with previously designated individuals are not credible."  Indeed, OFAC's evidentiary record concludes the section outlining the basis for denial of Plaintiff's reconsideration request with a subsection entitled "Other Information Relevant to Credibility," the sum of which is redacted. *See* Exhibit E.

34.     OFAC's evidentiary memorandum is dedicated to establishing that Plaintiff failed to show that an "insufficient basis exists for the designation or the circumstances resulting in the

---

[10] More than half of the unclassified summary of otherwise privileged information relates to the 2011 designation.  Curiously, that summary is far more extensive than the one provided to Plaintiff during the administrative reconsideration process.  The Defendants' Memorandum in Support of Defendant's Motion To Dismiss Or, In the Alternative, For Summary Judgment previously filed in this matter references Exhibit C as Administrative Record ("A.R.") 1617 in ECF No. 7-1.  See also, Exhibit D-November 18, 2016 Non-Privileged and Unclassified Summary of Otherwise Privileged Information.  This Exhibit is also referred to in the Defendants' prior filing in ECF 7-1 as A.R. 0027.

[11] Also referred to in the Defendants' prior filing in ECF No. 7-1 as A.R. 001-0021.

designation no longer apply," as outlined at 31 C.F.R. § 501.807.  However, OFAC's record fails

to establish that Plaintiff is playing a significant role in international narcotics trafficking, as

defined by the Kingpin Act.

35.     OFAC's evidentiary memorandum states that Plaintiff continues to engage in money

laundering activities.  However, this section of the record is completely redacted.  Plaintiff has no

access to the facts supporting such an allegation nor to the evidence underlying those facts.  As

such, Petitioner is unable to determine whether OFAC's redactions are themselves lawful nor does

he have an opportunity to respond to those facts and the related evidence.

36.     OFAC's non-privileged and unclassified summary of otherwise privileged information

contained in the administrative record contains allegations regarding Plaintiff's conduct that are

conclusory in nature and do not provide Plaintiff an effective opportunity to respond.  Moreover,

OFAC's non-privileged and unclassified summary does not identify how the information

contained therein corresponds to the redacted portions of the administrative record.

37.     As a result of OFAC's denial of Plaintiff's reconsideration request, Plaintiff remains

designated under the Kingpin Act and subject to blocking sanctions.  In addition, Plaintiff's name

remains on OFAC's SDN List.


## LEGAL CLAIMS

### COUNT I

DEFENDANTS' ACTION DENYING PLAINTIFF'S RECONSIDERATION REQUEST
CONSTITUTES ARBITRARY AND CAPRICIOUS ACTION UNDER THE
ADMINISTRATIVE PROCEDURE ACT AND THE FOREIGN NARCOTICS KINGPIN
DESIGNATION ACT

38.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations

in all preceding paragraphs.

39.     Pursuant to § 706(2) of the APA, a reviewing court "shall hold unlawful and set aside agency action, findings, and conclusions found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

40.     Defendants' action denying Plaintiff's reconsideration request is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because OFAC denied Plaintiff's reconsideration request solely on the basis of its conclusion that Plaintiff's representations to the agency were not "credible," as opposed to basing its denial on evidence that Plaintiff "is playing a significant role in international narcotics trafficking." 21 U.S.C. § 1904(b)(4).

41.      Defendants' action denying Plaintiff's reconsideration request is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because OFAC failed to consider evidence in its possession demonstrating an insufficient basis exists for the designation and/or the circumstances resulting in the designation no longer apply.

42.     Defendants' action denying Plaintiff's reconsideration request is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because OFAC failed to explain its basis for accepting as true certain statements made by Plaintiff in the course of the reconsideration matter, while summarily concluding that Plaintiff's lack of credibility justified denial of his reconsideration petition.

43.     Defendants' action denying Plaintiff's reconsideration request is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because Plaintiff does not "play[] a significant role in international narcotics trafficking" and, as such, "the circumstances resulting in the designation no longer apply," as outlined under 31 C.F.R. § 501.807.  OFAC's denial letter and the evidentiary record underlying OFAC's denial of Plaintiff's reconsideration request fails to evidence the requisite facts showing that the circumstances resulting in the designation remain applicable.  As such, Defendants have unlawfully engaged in action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT II

DEFENDANT'S ACTION DETERMINING THAT PLAINTIFF CONTINUES TO MEET THE CRITERIA FOR DESIGNATION UNDER THE KINGPIN ACT CONSTITUTES ARBITRARY AND CAPRICIOUS ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE FOREIGN NARCOTICS KINGPIN DESIGNATION ACT

44.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

45.     Pursuant to § 706(2) of the APA, a reviewing court "shall hold unlawful and set aside agency action, findings, and conclusions found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

46.     Defendants' action determining that Plaintiff continues to meet the basis for designation under the Kingpin Act is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because Plaintiff is not

"playing a significant role in international narcotics trafficking," as that term is defined by the Kingpin Act.  OFAC's denial letter and the evidentiary record underlying OFAC's denial of Plaintiff's reconsideration request wholly fails to evidence that Plaintiff meets the criteria for designation under the Kingpin Act for "playing a significant role in international narcotics trafficking."  As such, Defendants have engaged in action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

47.    Defendants' action determining that Plaintiff continues to meet the criteria for designation under the Kingpin Act is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because OFAC failed to consider evidence in its possession demonstrating that Plaintiff is not engaged in international narcotics trafficking activities and failed to provide adequate reasoning as to why such evidence was not credible.

48.    Defendants' action determining that Plaintiff continues to meet the criteria for designation under the Kingpin Act is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901 *et seq.*, because OFAC made such determination solely based on its conclusion as to Plaintiff's credibility, as opposed to evidence that Plaintiff is "playing a significant role in international narcotics trafficking."  21 U.S.C. § 1904(b)(4).

## COUNT III

**DEFENDANTS' ACTION DETERMINING THAT PLAINTIFF CONTINUES TO MEET THE CRITERIA FOR DESIGNATION UNDER THE KINGPIN ACT IS IN EXCESS OF STATUTORY JURISDICTION, AUTHORITY, OR LIMITATIONS UNDER THE ADMINISTRATIVE PROCEDURE ACT**

49.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

50.     Pursuant to § 706(2)(C) of the APA, a reviewing court "shall hold unlawful and set aside agency action, findings, and conclusions found to be – in excess of statutory jurisdiction, authority, or limitations, or short of statutory right…" 5 U.S.C. § 706(2)(C).

51.     Defendants' action determining that Plaintiff continues to meet the basis for designation under the Kingpin Act is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory," as Defendants have failed to show that Plaintiff meets the criteria for designation under the Kingpin Act.

## COUNT IV

**DEFENDANTS' ACTION DENYING PLAINTIFF'S RECONSIDERATION REQUEST AND THE CONTINUED BLOCKING OF HIS ASSETS VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS AND CONSTITUTES ARBITRARY AND CAPRICIOUS ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

54.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

55.     Pursuant to § 706(2)(C) of the APA, a reviewing court "shall hold unlawful and set aside agency action, findings, and conclusions found to be – in excess of statutory jurisdiction, authority, or limitations, or short of statutory right…" 5 U.S.C. § 706(2)(C).

56.     In order to determine whether Defendants engaged in arbitrary and capricious agency action, § 706 of the APA states that "the court shall review the whole record of those parts of it cited by a party…" 5 U.S.C. § 706.

57.     By denying Plaintiff's request for reconsideration of his Kingpin Act designation and continuing to block Plaintiff's assets, Defendants acted arbitrarily and capriciously in depriving Plaintiff of his property.

58.     Defendants violated Plaintiff's Fifth Amendment due process rights by failing to provide him with adequate notice of the factual basis on which Defendants denied Plaintiff's request for reconsideration and determined that Plaintiff continues to meet the criteria for designation under the Kingpin Act; by failing to sufficiently disclose or otherwise explain the legal and factual bases under which Defendants denied Plaintiff's reconsideration request and determined that Plaintiff continues to meet the criteria for designation; and by failing to identify how the information contained in OFAC's unprivileged and unclassified summary of otherwise privileged information contained in the administrative record corresponds to the redacted portions of the administrative record.


**RELIEF REQUESTED**

Wherefore, Plaintiff respectfully requests that this Court:

    A.     Declare and/or order Defendants' rescission of Plaintiff's designation under the Kingpin Act and the removal of his name from OFAC's SDN List;

    B.     Declare and/or order that Defendants must show that Plaintiff is "playing a significant role in international narcotics trafficking" in order to maintain his designation under the Kingpin Act;

C.      Declare and/or order that Defendants explain their basis for accepting as true certain statements made by Plaintiff in the course of the reconsideration matter, while determining that Plaintiff's lack of credibility justified denial of his reconsideration petition;

D.      Declare and/or order Defendants to disclose the evidence underlying Defendants' determination that Plaintiff continues to meet the criteria for designation under the Kingpin Act;

E.      Determine whether Defendant OFAC properly asserted the privileges and/or classifications relied upon to redact certain information in the March 2, 2018 evidentiary memorandum and its supporting exhibits;

F.      Grant an award to Plaintiff of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

G.      Such other and further relief as the Court may deem proper.


Dated: April 6, 2018


                                                    Respectfully submitted,

                                                    /s/ Erich C. Ferrari, Esq._____

                                                    Erich C. Ferrari, Esq.
                                                    Ferrari & Associates, P.C.
                                                    1455 Pennsylvania Ave., NW
                                                    Suite 400
                                                    Washington, D.C. 20004
                                                    Telephone: (202) 280-6370
                                                    Fax: (877) 448-4885
                                                    Email: ferrari@falawpc.com

DC Bar No. 978253