# EXHIBIT A



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

Case ID FNK-7782

Ferrari & Associates, P.C.
1455 Pennsylvania Ave., N.W.
Suite 400
Washington, DC 20004

MAR 0 2 2018

Re:  Ayman Joumaa

Dear Mr. Ferrari:

As you are aware, on January 26, 2011, the Office of Foreign Assets Control designated Ayman Joumaa as a Specially Designated Narcotics Trafficker (SDNT) pursuant to Section 805 of the Foreign Narcotics Kingpin Designation Act (Kingpin Act), 21 U.S.C. § 1904(b).

Pursuant to 31 C.F.R. § 501.807, a person may seek administrative reconsideration by OFAC of a designation by submitting "arguments or evidence that the person believes establishes that insufficient basis exists for the designation." The person may also "propose remedial steps …, such as corporate reorganization, resignation of persons from positions in a blocked entity, or similar steps, which the person believes would negate the basis for designation." *Id*.

In a letter dated May 18, 2016, you filed a request seeking reconsideration of Mr. Joumaa's designation as an SDNT.  After reviewing all of the evidence before OFAC, including the information that you provided, and law enforcement sensitive, classified, and open source information, OFAC does not find credible Mr. Joumaa's claims, as stated in your letter dated October 25, 2016, that he is not "currently engaged in conduct that contributes to narcotics trafficking or money-laundering in support of narcotics trafficking." Accordingly, Mr. Joumaa's request for reconsideration of his designation is denied because he continues to meet the criteria under the Kingpin Act.

Mr. Joumaa's designation was based on reliable and corroborated information that he led a drug trafficking and money laundering organization moving hundreds of millions of dollars in narcotics proceeds from the United States to Lebanon.  In addition, in 2011 Mr. Joumaa was indicted for such illicit activities in the U.S. District Court for the Eastern District of Virginia. The indictment charges in part that Mr. Joumaa and his co-conspirators "coordinated the shipment of at least tens of thousands of kilograms of cocaine from Colombia, through Central America and Mexico, to the United States." The indictment further specifies that Mr. Joumaa received bulk deliveries of United States currency, and charged fees for the laundering of proceeds, which were from the sale of cocaine in the United States.  These details are also laid out in a 2011 affidavit in support of his arrest warrant and criminal complaint.  As of March 2018, Mr. Joumaa has not faced the charges against him in the U.S. District Court for the Eastern District of Virginia, nor has he notified OFAC of his intent or willingness to return to the United States to face those charges.

Mr. Joumaa has denied working with several SDNTs in the laundering of narcotics proceeds, including Pedro Mejia Salazar and his sons, Victor Gabriel and Juan Carlos Mejia Alzate, who were all designated on July 1, 2014. These denials lack credibility. Pedro Mejia Salazar, who pleaded guilty in the U.S. District Court for the District of Massachusetts in 2017 for laundering approximately $800,000 between May 2009 and June 2012, worked with Mr. Joumaa as part of his global drug money laundering operations.

In addition, Mr. Joumaa's reconsideration request is not supported by credible evidence to establish that there was an insufficient basis for the January 26, 2011 designation, or that circumstances resulting in the designation no longer apply such that removal from the List of Specially Designated Nationals and Blocked Persons (SDN List) is warranted. As part of his correspondence to OFAC, Mr. Joumaa submitted numerous exhibits as attachments to his responses, which consisted of approximately over 1,250 pages. OFAC has considered both Mr. Joumaa's correspondence and the exhibits he has submitted, much of which concerns the Lebanon-based entities the Hassan Ayash Exchange Company and the New Line Exchange Trust Co., as well as the Panama-based entity Goldi Electronics S.A.[1]

The arguments made and documents submitted do not rebut OFAC's evidence that Mr. Joumaa used such entities as the Hassan Ayash Exchange Company and the New Line Exchange Trust Co. in connection with his money laundering activities. Further, the documents do not address the other aspects of Mr. Joumaa's drug trafficking and money laundering network that served as the basis for his designation, such as the Ellissa Exchange Company. In addition, Mr. Joumaa used channels outside of Lebanon, including by means that did not involve business entities, to launder funds. Moreover, while the documents submitted included invoices that show examples of specific apparent transactions and a report by the Banking Control Commission, which noted that the New Line Exchange Trust Co. appeared to comply with certain provision to fight money laundering, Mr. Joumaa did not submit an independent audit of the Hassan Ayash Exchange Company or the Ellissa Exchange Company.

OFAC has also considered Mr. Joumaa's remaining arguments and finds them insufficient to warrant removal from the SDN List. In your letter dated October 25, 2016, Mr. Joumaa argues that "mistaken designations are a threat to the confidence with which the public and private sector place in the integrity of OFAC's administration of U.S. sanctions programs" and that "it is essential that all parties have confidence in the accuracy and integrity of OFAC's fact-finding process." But Mr. Joumaa has provided no evidence to indicate that his designation was due to mistaken identity. Nor has he provided any information to impugn the accuracy and integrity of OFAC's fact-finding process.

Finally, the August 29, 2017 request that Mr. Joumaa enter into a Terms of Removal Agreement with OFAC is insufficient to warrant the removal of Mr. Joumaa from the SDN List in light of all the evidence before OFAC.

---

[1] OFAC accepts, for purposes of deciding Mr. Joumaa's request for reconsideration, his claims that the operations of, or his relationship to, SDN entities Goldi Electronics S.A., the Hassan Ayash Exchange Company, and the New Line Exchange Trust Co. ceased after his designation.

2

As noted above, OFAC's decision is based in part on law enforcement sensitive and classified information. OFAC will provide a copy of the unclassified, non-privileged portions of the administrative record upon which OFAC relied to deny Mr. Joumaa's request under separate cover shortly. Providing this information requires multiple levels of internal review by interagency partners in order to comply with OFAC's obligations to protect classified, privileged, and otherwise protected information, which may delay the release of such information.

For the most direct response, please submit any follow up questions and correspondence to OFAC via the following email address: OFAC.Reconsideration@treasury.gov.

You may also contact OFAC at the following mailing address:

> U.S. Department of the Treasury
> Office of Foreign Assets Control
> ATTN: Office of Global Targeting
> 1500 Pennsylvania Avenue, N.W. (Freedman's Bank Building)
> Washington, DC 20220

Or you may contact OFAC via telephone, 202-622-2420, or fax, 202-622-5390.

Sincerely,

Andrea Gacki
Deputy Director
Office of Foreign Assets Control