Case 1:17-cv-02780-TJK   Document 20   Filed 06/15/18   Page 1 of 4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYMAN SAIED JOUMAA ) <br>          Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVEN MNUCHIN, *et al.* ) <br>          Defendants. ) | Civil Action No. 17-2780 (TJK) |

## **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff Ayman Saied Joumaa respectfully files this opposition to Defendants Secretary of the Treasury Steven Mnuchin and the United States Department of the Treasury's Office of Foreign Assets Control's ("OFAC") Motion for Leave to File Sur-Reply, ECF No. 17.

Sur-replies are generally disfavored. *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010). That said, the determination as to whether to grant or deny leave to file a sur-reply is fully within the discretion of the Court. *See Banner Health v. Sebelius*, 905 F. Supp. 2d. 174, 187 (D.D.C. 2012) (citing *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 2 (D.D.C. 2011)). "The standard for granting a leave to file a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply. *Flynn v. Veazey Const. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004). A sur-reply is

most appropriate when a new factual matter is introduced. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002).

Defendants seek leave to file a sur-reply to make two arguments: (1) that Plaintiff waived any argument in favor of his standing to bring a claim under the Fifth Amendment to the U.S. Constitution because he "fail[ed] to raise it in his consolidated opposition to Defendants' motion to dismiss or, in the alternative, for summary judgment, and cross-motion for summary judgment"; and (2) that Plaintiff's standing argument "fails to establish that he has standing to assert any rights under the Fifth Amendment." *See* ECF No. 17 (Def.'s Proposed Sur-Reply) at 1.

Defendants have either previously made these arguments or had an opportunity to do so in earlier briefings. *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (denying leave to file a sur-reply where the proposed sur-reply merely reiterated prior arguments). As such, Defendants have failed to demonstrate that Joumaa's reply has presented any new matters, and thus their Motion for Leave to File Sur-Reply should be denied. *Lewis*, 154 F. Supp. at 61.

Defendants state that Plaintiff waived any argument in favor of his standing to bring the Fifth Amendment claim due to a "failure to raise it in his consolidated opposition to Defendants' motion to dismiss or, in the alternative, for summary judgment, and cross-motion for summary judgment." *Id.* Defendants, however, have already advanced this same argument in their prior briefings. *See* ECF No. 14 at 15-16. Specifically, Defendants have previously argued that "Joumaa does not address Defendants' standing arguments…" and that the Court should dismiss Joumaa's Fifth Amendment claim for lack of subject-matter jurisdiction as the Defendants' arguments with respect to standing are conceded. *Id.* As such, Defendants have already had an opportunity to contest the issue of Plaintiff's standing and have indeed taken advantage of that opportunity by

2

arguing that Plaintiff has waived arguments in favor of standing. *Id*.  Permitting Defendants additional opportunities to reiterate the same arguments it has previously presented is unwarranted and contrary to this court's precedent.

Further, Defendants attempt to argue that Plaintiff "fails to establish that he has standing to assert any rights under the Fifth Amendment." ECF No. 17 at 1.  This argument also does not warrant a sur-reply, as the merits of Plaintiff's standing argument have also been extensively argued by Defendants. *See e.g.*, ECF No. 10 at 24-25; ECF No. 14 at 15.  Defendants mischaracterize the nature of Plaintiff's standing argument, which was merely a response to arguments advanced in Defendants' Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment.  *Hispanic Affair Project v. Perez*, 206 F. Supp. 3d 348 (D.D.C. 2016) (denying a motion to leave to file a sur-reply where the replying party merely addressed issues raised in the opposition).  As Plaintiff's standing argument solely addressed arguments raised in Defendants' opposition, and solely related to facts identified in Plaintiff's Amended Complaint, Plaintiff did not raise any new issues or factual matters warranting a sur-reply.  Thus, Defendants had an adequate opportunity to put forth their arguments as to Plaintiff's standing and have indeed done so on successive occasions.

In sum, the issue of standing has been fully briefed.  Plaintiff's reply did not present any new factual matters or introduce any new arguments regarding his standing, and Defendants' proposed sur-reply merely reiterates arguments already presented to the Court.  As such, granting Defendants' Motion for Leave to File a Sur-Reply would disturb judicial precedent in an unwarranted fashion, as Defendants lack a proper basis for such leave.  Therefore, Defendants' Motion for Leave to File a Sur-Reply should be denied.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Leave to File Sur-Reply regarding Plaintiff's standing argument.

Dated: June 15, 2018

                Respectfully submitted,
                /s/ Erich C. Ferrari, Esq.
                Erich C. Ferrari, Esq.
                Ferrari & Associates, P.C.
                1455 Pennsylvania Ave., NW
                Suite 400
                Washington, D.C. 20004
                Telephone: (202) 280-6370
                Fax: (877) 448-4885
                Email: ferrari@falawpc.com
                DC Bar No.: 978253