## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AYMAN SAIED JOUMAA,

        Plaintiff,

v.

STEVEN MNUCHIN, *et al.*,

        Defendants.

Civil Action No. 17-2780 (TJK)

## REPLY IN SUPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

Consistent with longstanding D.C. Circuit precedent, Defendants request leave to respond to Plaintiff's belated argument that he has standing to assert rights under the Fifth Amendment. Although Plaintiff opposes Defendants' request, he does not dispute that he failed to raise a standing argument in his response to Defendants' motion to dismiss or, in the alternative, for summary judgment. *See* ECF No. 20 ("Pl.'s Opp."), at 2-3. Nor does Plaintiff dispute that he articulated his theory of standing for the first time in his reply memorandum in support of his cross-motion for summary judgment. *See id.* Rather, Plaintiff contends only that Defendants' proposed sur-reply is not warranted because his standing argument does not "present[] any new matters" and because "Defendants have already had an opportunity to contest the issue of Plaintiff's standing." *See id.* at 2-3. This argument, however, is without basis in fact or law. The Court should therefore grant Defendants' motion for leave.

First, Plaintiff erroneously suggests that his untimely standing argument was not "new" because it "was merely a response to arguments advanced in Defendants' Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment." *Id.* at 3. But Defendants challenged Plaintiff's standing to assert any rights under the Fifth Amendment in their opening

memorandum in support of their dispositive motion, not in their consolidated reply and opposition to Plaintiff's cross-motion. *See* ECF No. 10-1 ("Defs.' Mem."), at 24-25 (explaining that Plaintiff, as a foreign national with insufficient contacts with the United States, cannot avail himself of the Fifth Amendment's protections).  After Plaintiff failed to respond to this argument, *see* ECF No. 11-2 at 29-37; ECF No. 12-2 at 29-37, Defendants suggested in their consolidated reply and opposition to Plaintiff's cross-motion that the Court should treat Defendants' standing argument as conceded, *see* ECF No. 14 at 15-16; ECF No. 15 at 15-16. Only then—that is, only after Defendants were able to address the points made in Plaintiff's opposition—did Plaintiff introduce his standing argument regarding Goldi Electronics SA in the reply memorandum supporting his cross-motion.  *See* ECF No. 16 at 18-20.  Accordingly, and unlike in *Hispanic Affairs Project v. Perez*, 206 F. Supp. 3d 348, 358 n.4 (D.D.C. 2016), cited in Pl.'s Opp. at 3, Plaintiff has not "merely addressed issues raised in the [Defendants'] opposition," *id.*, but instead has set forth a theory of standing at a juncture that has prevented a substantive response by Defendants in the normal course of briefing.  *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 93 (D.D.C. 2017) (explaining that, pursuant to the Local Rules, issues presented in a motion are typically briefed in three memoranda: "(i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." (internal quotation marks and citations omitted)).

Further, Plaintiff's theory of standing does not simply dispute the facts relied on by Defendants but instead constitutes a "new" argument.  *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (distinguishing, for purposes of considering motion for leave to file sur-reply, "a new matter" from "an alleged mischaracterization" of the moving party's position), cited in Pl.'s Opp. at 1-2.  Prior to Plaintiff's reply memorandum, the only pleading that suggested a potential theory of standing was Plaintiff's Amended Complaint, which alleges that

"Defendants' actions have caused Plaintiff significant personal and financial harm, including the blocking of two wire transfers of funds totaling approximately $340,000.00."  ECF No. 9 ¶ 10. The Amended Complaint, however, omits any mention of Goldi Electronics SA, which, as noted above, Plaintiff asserts for the first time in his reply memorandum is the supposed basis for the Court's subject-matter jurisdiction over his constitutional claim.  *Compare* ECF No. 16 at 18-19 *with* ECF No. 9.[1]  Thus this theory of standing, otherwise absent from Plaintiff's briefing, is one that Defendants should have the opportunity to address.  *See Paleteria La Michoacana*, 247 F. Supp. at 94-95 (D.D.C. 2017) (granting defendant leave to file sur-reply to address plaintiff's argument, raised for the first time in plaintiff's reply, that defendant lacked standing).

Nor does "Defendants' proposed sur-reply merely reiterate[] arguments already presented to the Court."  *See* Pl.'s Opp. at 3.  Defendants' prior briefing addressed the reasons that Plaintiff's Amended Complaint is insufficient to establish standing to assert rights under the Fifth Amendment.  *See* Defs.' Mem. at 24-25.  By contrast, and in light of the theory advanced for the first time in Plaintiff's reply memorandum, Defendants' proposed sur-reply centers on Plaintiff's relationship with Goldi Electronics SA.  *See* ECF No. 17 at 2-3 (discussing Plaintiff's failure to carry his burden to establish standing given his vague and inconsistent representations about the entity).  Similarly, Defendants' proposed sur-reply does not simply duplicate their argument regarding waiver, *see* Pl.'s Opp. at 2-3; rather, it explains why Plaintiff's reply memorandum cannot constitute a withdrawal of his prior concession that he lacks standing, *see* ECF No. 17-2 at 1-2 (citing *Benton v. Laborers' Joint Training Fund*, 121 F. Supp. 3d 41, 51-52 (D.D.C. 2015), and *Ferreyra v. Fraternal Order of Police Legal Plan, Inc.*, 53 F. Supp. 3d 69, 76 n.5 (D.D.C. 2014)).  The case on which Plaintiff relies, *Robinson v. Detroit News*, is therefore

---

[1] Plaintiff is thus incorrect in asserting that "Plaintiff's standing argument . . . solely related to facts identified in Plaintiff's Amended Complaint."  Pl.'s Opp. at 3.

inapposite. *See* 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (striking the proposed sur-reply "[b]ecause the plaintiff failed to file a motion for leave to file this surreply and because the proposed surreply merely reiterates arguments already made and does not add anything new"), cited in Pl.'s Opp. at 2.

Defendants respectfully submit that, in light of the argument advanced by Plaintiff for the first time in his reply memorandum, their proposed sur-reply, which analyzes Plaintiff's representations regarding Goldi Elecctornics SA, "would be helpful to the resolution" of the parties' pending dispositive motions. *See Paleteria La Michoacana, Inc.*, 247 F. Supp. 3d at 94-95 (citation omitted). Further, Plaintiff has offered no reason to conclude that he would be "unduly prejudiced" by the proposed sur-reply. *See* Pl.'s Opp. at 1-3; *Bayala v. U.S. Dep't of Homeland Sec.*, 246 F. Supp. 3d 16, 21 n.7 (D.D.C. 2017) (citation omitted). The proposed sur-reply is thus an appropriate means by which Defendants can respond to Plaintiff's untimely standing argument. *See, e.g.*, *id.*; *Benton v. Laborers' Joint Training Fund*, 121 F. Supp. 3d 41, 51 (D.D.C. 2015).

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for leave to file a sur-reply regarding Plaintiff's standing argument.

Dated June 21, 2018                         Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JOHN R. GRIFFITHS
Branch Director

DIANE KELLEHER
Assistant Branch Director

*/s/Stuart J. Robinson*
STUART J. ROBINSON
Trial Attorney
United States Department of Justice

Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635
Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov
Cal. Bar No. 267183

Counsel for Defendants